The undersigned have reviewed the prior Order based upon the pleadings and the proceedings before the Deputy Commissioner. The appealing party has not shown good ground to reconsider or amend the order of dismissal in this matter.
Based upon the review of the pleadings and the statement of the plaintiff, who was present by teleconference before the Deputy Commissioner, the Full Commission finds as fact the following
 FINDINGS OF FACT
1. Plaintiffs claim consists of allegations of negligent care by various DOC nurses and other DOC medical professionals as to prescribing the drug Lithium Carbonate to plaintiff over a long term. Plaintiff complained of side effects from the medication to the extent that he developed Hypothyroidism/Myxedema and alleged the prescription itself was negligent based upon his development of these medical conditions.
2. This case was before the Deputy Commissioner only for the hearing of pending motions. Defendant moved for a dismissal of this action based upon the fact that this is a medical malpractice claim against nurses and other medical professionals and plaintiff has no expert medical opinion to support his claim. This case did not proceed to a hearing on the merits.
3. Plaintiff confirmed before the Deputy Commissioner that he had no expert medical witnesses available to testify in this matter. In fact, plaintiffs evidence consists of medical records and his personal opinions.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. There is no evidence to be presented by plaintiff, other than his personal opinion and medical records, of any medical negligence or damage resulting from this incident.
2. A plaintiff has not stated a claim upon which relief may be granted and cannot recover in a medical malpractice claim against a medical professional, including a nurse, where he cannot show the standard of medical care owed and that the care received did not meet such standard. Expert testimony is generally necessary to establish this standard of care. Only where the medical care issue does not involve special skills is such expert testimony unnecessary. However, expert medical testimony is needed in this claim for the plaintiff to prevail. N.C. Gen. Stat.90-21.12; Warren v. Canal Industries, Inc., 61 N.C. App. 211,300 S.E.2d 557 (1983).
3. Accordingly, without expert medical opinion, plaintiffs case must be dismissed.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Defendants motion to dismiss is hereby granted and all plaintiffs claims are hereby dismissed based upon the lack of any competent, relevant, expert medical evidence supporting his claims of injury.
2. Each side shall pay its own costs.
This the ___ day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER